# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN WESSNER, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-0595 |
| v. | : | (JUDGE MANNION) |
| ANDREW M. SAUL[1], | : | |
| Defendant | : | |

## MEMORANDUM

Pending before the court is the report of Judge Cohn, which recommends that the plaintiff's complaint challenging the final decision of the Commissioner denying her application for widow's insurance benefits ("WIB") under Title II of the Social Security Act, (Doc. 1), be denied and, that the Commissioner's decision be affirmed. (Doc. 10). Neither the Commissioner nor the plaintiff have filed any objections to Judge Cohn's report. The time within which to file objections has expired.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. See Fed.R.Civ.P. 25(d).

some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31. Upon review, the report and recommendation of Judge Cohn will be adopted in its entirety.

The court has reviewed the reasons presented by Judge Cohn for recommending that the plaintiff's appeal of the Commissioner's decision denying her claim for WIB be denied.[2] Judge Cohn found that substantial evidence supported the Commissioner's finding that the plaintiff had the residual functional capacity to perform light unskilled work with restrictions despite her physical and mental impairments. Because the court agrees with the sound reasoning that led Judge Cohn to the conclusions in his report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 30, 2019**
18-0595-01.wpd

---

[2]To qualify for WIB disability insurance payments, a claimant must have a disability. 42 U.S.C. §423(a)(1). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." §423(d)(1)(A).